### SLOCUM *against* SANFORD.

*Hartford,*
June, 1818.

THIS was an action on a promissory note, brought by *Elizabeth Slocum,* as administratrix of *John Slocum,* deceased, against *Peleg Sanford,* the maker. The note was as follows : " *Portsmouth, June* 21st, 1809. For value received, I promise to pay *John Slocum,* or order, the sum of one hundred dollars, on demand, with interest till paid ; as witness my hand. [Signed.] *Peleg Sanford.*"

The cause was tried at *Windham, January* term 1818, before *Swift,* Ch. J. and *Brainard* and *Goddard,* Js.

John Slocum, deceased, died in the town of *Lebanon* in this state, where he had lived several years, leaving there a large estate, of which the note in suit was a part. The plaintiff took out administration on his estate, and caused this note to be duly inventoried. Afterwards, *Oliver Slocum,* of *Portsmouth,* in the county of *Newport,* and state of *Rhode-Island,* where *John Slocum* once lived, and where he had, at the time of his death, estate to the amount of about 500 dollars, took out administration, agreeably to the laws of *Rhode-Island,* and caused his estate to be represented insolvent, and commissioners to be appointed. The defendant, who, at the time of executing the note, lived, and ever since, has lived, in the town of *Middletown* in *Rhode-Island,* exhibited his account to these commissioners, and had it settled ; in the adjustment of which, this note was credited by the commissioners ; and thereupon, *viz.* on the 11th of *October* 1813, *Oliver Slocum,* as administrator of *John Slocum,* deceased, executed and delivered to the defendant a discharge from it.

On these facts, the court charged the jury, that the plaintiff was by law entitled to recover ; and a verdict was returned accordingly, for the amount of the note and interest. The defendant moved for a new trial, on the ground of a misdirection ; and the court reserved the motion.

*Lanman,* in support of the motion, insisted that the note in question, being a negotiable instrument, was clearly a simple contract ; and that debts by simple contract follow the person of the debtor, and become effects of the deceased in that probate district or jurisdiction, within which the debtor resided at the time of the creditor's death. Consequently,

*Negotiable notes, being simple contracts, are effects of the deceased in the hands of the administrator within the jurisdiction of the probate court, within which the maker lived at the time of his creditor's death ; and a discharge, executed by such administrator, is valid.*

the discharge given by *Oliver Slocum,* the administrator in *Rhode-Island,* where the defendant lived, was valid ; and the jury ought to have been directed to find for the defendant. 3 *Bac. Abr.* 37, 8. (*Wils.* edit.)    *Toller's Law of Executors* 55.   1 *Wms. Saund.* 274. n. (3).

*Cleaveland* and *Brainard,* contra, contended that promissory notes, by the common law of this state, are *specialties ;* and the late statute making them negotiable, does not affect them, in this respect, especially while they remain in the hands of the original payee.   Then it is well settled, that debts by specialty are *bona notabilia* of the deceased, in that diocese, or probate jurisdiction, where the securities happen to be at the time of his death, without regard to the place of their execution, or the domicil of either of the parties. *Byron v. Byron, Cro. Eliz.* (472.)   3 *Dyer* 305. *a. in notis.*   3 *Bac. Abr.* 37,8. (*Wils.* edit.)   *Toller* 55. 1 *Wms. Saund.* 274. n. (3.)

SWIFT, Ch. J.   By the common law, debts due by specialty, are esteemed to be the goods of the deceased, where the securities are, at the time of his death ; but debts due by simple contract, follow the person of the debtor, and are esteemed the goods of the deceased where the debtor resides at the time of his death.

Promissory notes have every where been considered to be simple contracts, except in this state, where they have been treated as specialties, and declared on as instruments. But as by statute, notes payable *to order* have been made negotiable, the consequence is, that notes of that description cease to be specialties, and are, by operation of law, placed on the footing of simple contracts ; for when the statute declared them to be negotiable, according to the custom of merchants, it vested them with all the properties of negotiable securities.   As a negotiable note, by statute, is now to be deemed a simple contract, it follows, that it will be the assets of the deceased promissee in the place where the debtor lives. The note in question was negotiable ; of course, it was assets in the hands of the administrator, in the state of *Rhode-Island,* where the debtor lived.   Such administrator had a right to controul it, and his discharge is valid.

There can be no reason for the distinction between debts due by specialty, and by simple contract.   They ought al-

ways to be deemed assets in the same place ; and the proper place would be, where the creditor died. If this question concerned this state only, I should not hesitate to adopt that rule. But as it is probable that the other states in the union will adopt the common law, and as different rules in adjoining states would lead to a clashing of jurisdiction, I think it advisable to adopt the rule of the common law, for the sake of uniformity.

Inconveniences must arise from the practice not to admit executors or administrators in one state, to commence suits in another, and to require letters of administration to be taken out in every state, where assets are to be found. There may not only be different persons in different jurisdictions, settling, at the same time, the same estate ; but if done by the same person, he will be acting by different authorities ; and there is no where any general superintending power, to bring the whole estate together, for a final and proper settlement.

A constitutional provision ought to be made, enabling Congress to pass such general laws as might be necessary ; or the several states, by compact, should empower the executor, or administrator, of all deceased persons, to commence suits, and collect the effects, in every state where debts or effects are found, and then to bring the whole into the probate court of the jurisdiction where such deceased persons last lived, for a fair and final adjustment of such estate, with this provision, that the effects, in every state, should be liable for all debts that might there be due from the deceased.

GOULD, J. What is principally important in the present question, is, that it be *settled.* Whether it be decided, the one way, or the other, is not very material. But I consider the point, as already determined, by the authorities cited in support of the motion. As to the *transmission* of personal chattels, by succession, distribution, or bequest, the rule is, that they have no locality ; but follow the law of the last domicil of the deceased owner. But with respect to the question of probate-jurisdiction, the cases establish this distinction : that debts by specialty, or judgment, have a temporary locality ; but that those, due by simple contract, have not. The former are regarded, as effects, only at the place, where the *securities are found,* at the death of the creditor.

*Hartford,*
*June, 1818.*

Slocum
*v.*
Sanford.

The latter follow the person of the debtor, and are considered, as effects, in that jurisdiction, in which *the debtor is, at that time, domiciled.* This diversity, it has been said, is arbitrary. But with regard to distinctions, arising out of artificial rules, it is immaterial, whether any precise reason, founded in original principle, can be assigned for them, or not. In all cases, *ita lex scripta est,* is a sufficient reason, and in many, the best, that can be assigned. But in the present case, the reason of the distinction, probably is, that as specialties and judgments, from the solemnity which the law attaches to them, *constitute,* or *create,* the right of action, or interest to be administered, and are themselves things visible ; they are to be regarded, as specific chattels : but that writings of a less solemn nature—as notes, and other unsealed documents, which are only *evidence* of parol contracts, cannot be so considered ; and therefore, that the debts, of which they are evidence, follow the person of the debtor, and are effects at the place of his domicil. And according to this distinction, the direction to the jury was wrong.

The other judges were of the same opinion.

New trial to be granted.