CASE 28—PETITION ORDINARY—JULY 2.

## Lee vs. Forman.

APPEAL FROM MASON CIRCUIT COURT.

Money paid by a surety must, *prima facie*, be deemed to have been paid to the use of the principal obligor; and the liability of a co-security is altogether contingent, depending on the insolvency of the principal. (2 *Dana*, 296.) The law in this respect has not been changed by *section seven, of chapter ninety-seven, of the Revised Statutes*.

An intention to change a well settled rule of law should clearly appear before the presumption should be indulged that such a change has been produced by an act of the legislature.

W. H. WADSWORTH for appellant.

H. TAYLOR, for appellee, cited *Rev. Stat.*, sec. 7, *chap.* 97; 1 *Maddock's Ch'y.*, page 236; 1 *Parsons on Contracts*, 35, 31, 32; *Story on Contracts*, secs. 856, 885, *Comyn on Contracts*, 401, 402; 3 *New Hamp. Rep.*, 270; *Act of* 1798, 2 *Stat. Law*, 1437; *Act of* 1828, *Ib.*, 1442.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

Joseph Forman, Stephen Morgan, and Edward P. Lee were the joint sureties of Saml. W. Owens, in a note for the sum of $750. One half of the debt, when it became due, was paid by each of the two first named sureties.

This action was brought by Joseph Forman, one of the two sureties who paid the debt, against Samuel W. Owens, the principal, and the other co-security, Edward P. Lee, to recover a judgment against the former for the amount which the plaintiff had paid as his surety, and against the latter, for the proportion which he ought to contribute towards the payment of the debt.

The petition did not contain an allegation that the principal was insolvent. It was demurred to by the defendant Lee, on the ground that the plaintiff had no cause of action against him, unless the principal was insolvent. The demurrer was overruled by the court below, and a judgment rendered against

Lee for his proportion of the debt as co-security, and from that judgment he has appealed to this court.

It has been frequently decided by this court, that the money paid by a surety must, *prima facie*, be deemed to have been paid to the use of the principal obligor, and that the liability of a co-security is altogether contingent, depending on the insolvency of the principal. (*Daniel vs. Ballard*, 2 *Dana*, 296, and the cases there cited.)

It is however contended that the law on this subject has been changed by the Revised Statutes, and the *seventh section, in chapter ninety-seven*, is relied on as having produced this change. That section is as follows, viz :

"Where a surety pays the whole, or any part of a debt or liability for which he is bound as such, he may recover the amount, with interest from time of payment, from the principal, by action at law, or by motion after ten days' notice in writing. He may also sue a co-surety, separately, or as a joint defendant with the principal in such proceeding, and in like manner recover a judgment against him, separately or jointly, at the same time, for his proper part of the debt or liability so paid, as if the sureties were the sole obligors; and if one or more several co-sureties be insolvent, or reside out of the state, the recovery against the solvent and resident surety or sureties shall also be for a proper part of the share of liability pertain_ing to such insolvent or non-resident surety."

The evident object of this provision was to regulate the mode of proceeding by a surety, who had paid the debt, against the principal or a co-security to recover a judgment against them, or either of them, on the liability which was thereby created by law between the parties. It contains nothing which indicates an intention to change or modify, in any respect, the nature or character of that liability.

No such change is produced by the mode of proceeding which it authorizes, nor necessarily results therefrom. The statute only prescribes the manner in which an action may be prosecuted against a co-surety, where the right to maintain it exists ; it does not profess to enlarge that right, nor create it, in a state of case where, under the law, it did not exist.

Where the principal is solvent the surety having paid the debt may recover the amount from him, and where he is insolvent, the action may be brought against him and a co-security jointly. The recovery against the co-surety in such a case will be "for his proper part of the debt or liability so paid, as if the sureties were the sole obligors." If there be only two, sureties, the recovery against the co-surety will be for one half of the amount of the debt, as it would be if the sureties were the obligors; and a judgment may be recovered against the insolvent principal for the other half of the debt, at the same time.

The only part of the statute, from which even an inference can be drawn that a change in the law was contemplated, is that which states that where a surety pays the debt for which he is bound as such, he may sue a co-security, &c., without any allusion having been made therein to the insolvency of the principal. The existing law on the subject was known to the legislature, and this provision must be presumed to have been adopted with a view to that law. If a change in the law had been designed, it was only necessary to state that an action might be maintained against the surety, although the principal debtor was solvent. The absence of such a statement is much more significant than the omission to qualify the right to sue, by a reference to the insolvency of the principal. The right of the surety to sue his co-security was thus qualified according to the then existing law, it was not therefore deemed necessary to express this qualification. But if the right was to be made absolute, and not to remain contingent, as it had been previously, the necessity to indicate the change explicitly was very apparent.

An intention to change a well settled rule of law should clearly appear, before the presumption should be indulged that such a change has been produced by an act of the legislature. No unequivocal indication of such an intention exists in the statute under consideration, and we are therefore of the opinion that no such change in the law has been affected by it.

Wherefore, the judgment against the appellant is reversed, and cause remanded with directions to sustain the demurrer, and for further proceedings not inconsistent with this opinion.