CHIEF JUSTICE DUVALL
delivered the opinion op the court:
This was a proceeding'in the Simpson circuit court, by motion, against Poster, the sheriff of Allen county, and his sureties, to recover the money alleged to haVe been collected by the sheriff pn an execution which had issued from the office of the clerk of the Simpson circuit court.
• The notice was executed on the defendants on the 11th of March, 1861, warning them that the motion would be made on the fourth, day of the next June term of the court.
It appears from the record, that on the third day of the term specified, this order was made: “Notice filed and ordered to lie over.” No further steps were taken in the case at that term, nor until the June term, 1862, when, on the fourth day thereof, “the plaintiff appeared by his attorney and renewed his motion for judgment which is ordered to lie over;” and on the last day of the same term, judgment, by defalt, was rendered against the defendants for the amount claimed, with damages thereon and costs. From that judgment the defendants have appealed.
1. The first and most important question to be decided is whether, at the time the judgment complained of was rendered, there was any motion then pending in court. If not, the judgment was not only erroneous but was void.
In the solution of this question all difficulty is removed by the provisions of the Civil Code regulating- “summary proceedings.” (.Sections 479 to 484, inclusive.)
After specifying the cases in which such proceedings may be adopted, prescribing the manner in which the notice shall be served, and its requisites, which are that it shall state the nature and grounds of the motion and the day on which it will be made, jit. is declared that “unless the motion is made or entered on the motion docket on the day specified in the notice, it shall be considered as abandoned.”
Now it is certain that no motion was made on the fourth day of the June term, 1861, that being the day specified in the notice. It is true that a mere application for an order is a motion, according to section 691 of the Code, but here there was *254 no such application on the day mentioned. And by the bill of exceptions it is shown that the motion was never at any time entered on the motion docket.
Inasmuch, then, as neither of the alternative requirements of the law was complied with — as the motion was not made in court, nor entered on the motion docket on the day specified, the inevitable consequence declared by the statute is that the motion should have been considered as abandoned. The entry already noticed as having Peen made on the third day of the term imparted no validity to the subsequent proceedings. To say that such an entry of record was equivalent to a motion made on a succeeding day, or to an entry on the motion docket on that day, would be a gross and palpable disregard of a plain statute.
Wnether the entry of the motion and notice on the record on the day specified would not have been in effect a compliance with the statute, is a point not before us, and therefore not decided.
As the judgment was a nullity for the reason that there was no case pending in court at the time it was rendered the court below erred in overruling the application subsequently made by ihe appellants, to set aside the judgmeut.
Wherefore said judgment and the order last mentioned are reversed, and the cause remanded for further proceedings in conformity with this opinion.