### GEORGE T. ALLEN v. SILAS A. CLIFT.

**Practice—Judgment by Agreement.**

> Judgment should not be rendered against a party at the instance of his adversary by agreement, unless the party against whom the judgment is rendered is in court consenting.

#### APPEAL FROM MASON CIRCUIT COURT.

November 1, 1877.

OPINION BY JUDGE PRYOR:

While the preponderance of the testimony shows the execution of an agreement by which judgment was to be rendered for the appellant, yet the appellee seems not to have been present in the court by himself or attorney consenting to the judgment; and the court is required to try the case in the absence of the defendant upon what transpired out of court between the parties relative to a settlement of the controversy, when an answer making a substantial defense had been filed.

It was within the discretion of the court to set the judgment aside, and there was no such abuse of discretion as would authorize this court to interpose; but, on the contrary, judgment should not be

entered against a party at the instance of his adversary upon such a state of case, unless the party against whom the judgment is rendered is in court consenting. While we see nothing improper in the conduct of the attorney who seems to have acted in the best of faith, still we think that the judgment ought not to have been rendered. It is not necessary to discuss the weight or effect of the testimony. The appellant had no cause of action against the appellee, and was not entitled to a judgment by default. There is no allegation of insolvency on the part of the principals, nor an averment that the debt could not have been made out of the one or the other, or both, at the institution of the action. Such a statement was essential to the appellant's cause of action. *Lee v. Forman,* 3 Met. 114.

Judgment *affirmed.*

*Thomas J. Throop, for appellant. T. C. Campbell, for appellee.*