FREDERICK B. AMSDEN, Executor, *vs.* SIMEON DANIELSON.

An executor brought a suit in Rhode Island against a resident of the State of Connecticut on his promissory note by attaching the defendant's real estate. The pleadings showed that the defendant, having induced the executor to forbear his suit, and contriving to prevent an attachment of his property and to evade payment of the note, procured the appointment of an administrator on the estate of the plaintiff's testatrix in Connecticut, where there were no creditors of the testatrix and only a trifling amount of personalty, which the plaintiff as executor had fully administered, and afterwards, with notice of the plaintiff's attachment, paid the amount due on the note to the administrator in Connecticut.

*Held,* that the payment to the administrator in Connecticut was collusive and voluntary, and constituted no bar to the action in this State.

The note in suit was dated at K. in the State of Connecticut, the defendant's domicil.

*Held,* that even if the note was payable in K., the plaintiff could maintain a suit on it in this State.

ASSUMPSIT on a promissory note. Certified from the Common Pleas Division on demurrers to replications.

*February* 2, 1895. STINESS, J. The plaintiff, executor of the will of Lucretia C. Danielson, late of Providence, deceased, sues the defendant, a resident of Killingly, Connecticut, upon a promissory note, made by him, dated at said Killingly, and payable to the testatrix. The action was commenced January 12, 1894, by an attachment of real estate of the defendant in the city of Providence in this State. It ap-

pears by the defendant's plea that after said will was pro-
bated here, and since the commencement of this suit, a copy
of the will was recorded in Killingly and William H. Chollar
was appointed administrator, who has qualified, and to whom
the defendant has made payment of the amount due on the
note.   To this the plaintiff replies that there was no property
in Connecticut except a trifling amount of furniture, which
had been fully administered by him before the application to
record the will in Killingly ; that there were no creditors in
Connecticut ; that the defendant, knowing the intention of
the plaintiff to bring suit here, induced the plaintiff to for-
bear his suit by promising to pay the debt on a certain day,
and thereupon, contriving to prevent said attachment and to
evade the payment of the note, took advantage of the plain-
tiff's forbearance and procured the recording of the will and
the appointment of Chollar as administrator in Connecticut ;
that the note is and has been, since the death of the testa-
trix, in the plaintiff's possession, upon which the defendant
paid him the sum of $234.20 in October, 1893, and that the
defendant had notice of the attachment before he made the
payment to Chollar as administrator.   The defendant demurs
to the replications.

The main question raised by the pleadings is whether under
these circumstances the suit can be maintained in Rhode
Island, after the payment to the administrator in Connecti-
cut.   We think it can be maintained.   First, the fact is set
up that this was a voluntary and collusive payment, which
upon demurrer must be taken to be true.   While a party
will be protected from paying a second time that which he
has once in good faith been compelled to pay, it is clear that
these facts do not make such a case.   A person cannot oust
the court of one State of jurisdiction by a collusive judg-
ment, and much less by a voluntary payment, in another.
So it has been held that where a man, by wilful default, has
suffered judgment to go against him as garnishee, in another
State, when he might have prevented it, a payment is no bar
in the State where a suit upon the claim had been previously
commenced.   *Whipple* v. *Robbins*, 97 Mass. 107 ; *Wilkin-*

*son* v. *Hall*, 6 Gray, 568.   See also *Hull* v. *Blake*, 13 Mass. 153, 157, and *Stevens* v. *Gaylord*, 11 Mass. 256.

Passing over the question whether the promise of the defendant made a new cause of action, about which there seems to be little room for doubt, we come, second, to the main question which has been argued, viz., whether the executor in Rhode Island can sue at all for the amount due upon the note.   The argument is that the note was payable in Killingly, the domicil of the defendant, and hence its proceeds were assets in Connecticut and not in Rhode Island. This argument is sustained by *Pinney* v. *McGregory*, 102 Mass. 186 ; *Abbott* v. *Coburn*, 28 Vt. 663 ; and *Wyman* v. *Halstead*, 109 U. S. 654.   Admitting that the note was payable in Killingly, the fact does not control this case.   If it were necessary to bring suit upon it in Connecticut of course an administrator would be appointed there.   But it does not follow that it cannot be collected elsewhere.   The plaintiff having the note, and finding property of the defendant in this State, had as much right to proceed to collect it here, as though it had been his own debt.   It would be a most absurd rule of law which would require him to go to another State, record the will, secure the appointment of an administrator and go through all the requirements of a probate court, in order to bring a suit where possibly there might be no property, when he could attach property here and secure his judgment without trouble.   The cases cited by the defendant do not hold this.   *Slocum* v. *Sanford*, 2 Conn. 533, appears to have been a case where the defendant in 1813, had proved his claim against the estate of the payee, before insolvent commissioners in Rhode Island, from which the amount of the note sued upon had been deducted and the administrator in Rhode Island had given him a discharge from it before the suit was brought in Connecticut, but certainly before the trial in 1816, wherein this fact was held to be a good defence.   Undoubtedly the *bona fide* settlement of a debt with a foreign administrator is a bar.   In *Stevens* v. *Gaylord*, 11 Mass. 256, the defendant had been appointed administrator in Connecticut before an administrator had

been appointed and suit brought in Massachusetts. It is indeed held in both these cases that the debt was assets in the State where the debtor resided, and this is the point to which they are cited. But that is not the question before us. Assuming this to be so, the question is whether the administrator may collect the debt in another State if he has the chance to do so. Upon this question we have no doubt. It is well settled that a *bona fide* voluntary payment to a foreign administrator is a good discharge of a debt; *Mackay* v. *Saint Mary's Church*, 15 R. I. 121; and if this be so, an involuntary judgment, based upon an attachment of property, cannot be less valid. As said by Wells, J., in *Merrill* v. *New England Ins. Co.*, 103 Mass. 245, 248: "Having possession of, and a legal title to, the instrument, or evidence of the demand, and finding the debtor or his property within the jurisdiction of his appointment, he may enforce it there, without the necessity of any resort to the foreign jurisdiction. The debtor is equally responsible in either, if means of enforcing payment can be reached." The same doctrine was announced in *Perkins* v. *Stone*, 18 Conn. 270, 274, where debtors resident in Massachusetts were sued by an administrator in Connecticut. "Had it been necessary for the plaintiff to go into the state of *Massachusetts* to bring his action, it is conceded that he must have taken out letters there, to enable him to sue in his representative capacity. But as he is under no necessity of invoking the aid of the courts of that state, his case is not brought within the operation of the rule which precludes an administrator appointed in one state, from suing in the courts of another." The case which comes most closely to opposing these cases is that of *Pond* v. *Makepeace*, 2 Met. 114. There, a Rhode Island administrator had brought suit in Massachusetts and obtained judgment by default, under which execution was levied on real estate and it was sold in satisfaction of the judgment. It was held that the suit was no bar to a subsequent suit by a Massachusetts administrator, because the Rhode Island administrator had no power to sue in that State and so could pass no title to the real estate under the levy and sale. But that is not like

this case.   Here, the plaintiff is suing in Rhode Island, the State in which he holds his letters testamentary.

We see no reason why he may not so sue.   The cases we have quoted from sustain the right and we know of none which deny it.   The reason upon which the right is based is satisfactory and we therefore decide that the plaintiff has that right under the pleadings in this case.

The demurrers of the defendant in the plaintiff's replications are overruled.

*John F. Lonsdale,* for plaintiff.

*Stephen O. Edwards & Walter F. Angell,* for defendant.