GOLDSMITH D. JOHNES *vs.* CHARLES E. JACKSON, EXECUTOR.

* Third Judicial District, Bridgeport, October T., 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

An executor's title to the personal estate of his testator is conferred by the will as a recognized instrument of conveyance at common law, and accrues at the moment of the latter's death, when the will at once becomes operative. Ceremonies of authentication may be necessary thereafter, but do not create or enlarge the title.

Service of foreign attachment in accordance with § 1231 of the General Statutes, made upon the executor of a will before the probate thereof, is effectual in securing the debt, legacy or distributive share due the defendant. But judgment on *scire facias* following such a foreign attachment, cannot be rendered against the executor before the time when it becomes his duty to deliver to the legatee the legacy or distributive share thus attached.

[Argued October 31st—decided November 22d, 1895.]

ACTION of *scire facias* to recover the amount of a judgment rendered against one Charles R. Alsop, in which suit the defendant was garnishee; brought to the Superior Court in Middlesex County and tried to the court, *Shumway, J.;* facts found and case reserved for the advice of this court. *Judgment advised for the defendant.*

The case is sufficiently stated in the opinion.

*William L. Bennett* and *D. Ward Northrop*, for the plaintiff.

I. The bare possibility of receiving a legacy from, or share in the estate of, a living person, is not property. It cannot

* Transferred from first judicial district.

·be assigned, for there is nothing in existence to assign. `Dart v. Dart`, 7 Conn., 250; `Smith` v. `Pendell`, 19 id., 107, 111; ·`Comstock` v. `Gay`, 51 id., 45; `Lacy` v. `Tomlinson`, 5 Day, 77. The head note of `Low` v. `Pew`, 108 Mass., 349, expresses proverbially the rule so far established here: "A sale of fish, hereafter to be caught in the sea, does not pass title to the fish when caught."

II. An assignment of an expectancy is void in equity. `Alves` v. `Schlesinger`, 81 Ky., 290; `Hart` v. `Grigg`, 32 Ohio St., 502. The question is an open one in this State.

III. The assignment is void at law. Assuming that equity may, in certain cases, recognize the assignment of a bare expectancy, yet this bargain is one of a class which a court of chancery will refuse to enforce. Equity will not enforce a ·bargain which is against public policy, or tainted with fraud or suspicion of unfairness. If the assignment is not made known to the person from whom the estate is expected, and he put in full possession of the facts concerning such transaction, and his consent obtained, it operates as a fraud upon him. Such consent is necessary to the validity of the contract, and without it, it is held to be void as against public policy. `McClure` v. `Raben`, 125 Ind., 146-7, 133 id., 507; `Boynton` v. `Hubbard`, 7 Mass., 112, 120; `Fitch` v. `Fitch`, 8 Pick., 480; `Trull` v. `Eastman`, 3 Met., 121; `Poor` v. `Hazelton`, 15 N. H. 564; 2 Swift's Dig., 88. The consideration for the assignment must be shown to have been the full value of the property estimated as if the estate had fully vested at the time of the bargain, and without regard to any hazard resulting from the uncertain nature of the estate. `McClure` v. `Raben`, `supra`; `Salter` v. `Bradshaw`, 26 Beav., 161. The finding shows that the parties to this assignment concealed the knowledge of it from the testatrix, and that her consent was neither asked nor given. The whole value of the consideration had by the assignor, down to the time of the trial of this case, is not equal to one-half the value of the legacy.

IV. Inasmuch as it is found that the plaintiff's attachment was made before any notice of said assignment was given, either to the testatrix in her life or to the executor, the plain-

tiff's lien is entitled to priority. It is true that Charles R. Alsop had on March 3d, 1894, caused the assignment to be recorded in the land. records of the town of Middletown. But the assignment is of personal property and purports to "grant, sell, transfer and deliver the following goods and chattels." It had, therefore, no right to appear of record, and cannot be used to show constructive notice. *Carter* v. *Champion*, 8 Conn., 548; *Sumner* v. *Rhodes*, 14 id., 134.

The plaintiff's first attachment (March 5), although made prior to the probate of the will, was good and valid. As to contingent nature of factorized property, see *Holbrook* v. *Waters*, 19 Pick., 354; *Wheeler* v. *Bowen*, 20 id., 563; *Boston Sav. Bank* v. *Minot, Admr.*, 3 Met., 507; *Mechanics' Sav. Bank* v. *Waite*, 150 Mass., 234; *Sinnickson* v. *Painter*, 32 Pa. St., 384. In this State an executor's title to all the movable property of a testator is derived, not from a grant of administration but from the will as a recognized conveyance at common law, and accrues at the instant of death. *Marcy* v. *Marcy*, 32 Conn., 308–316; *Selleck* v. *Rusco*, 46 id., 370; *Hathorn* v. *Eaton*, 70 Me., 219; *Mechanics Bank* v. *Waite*, 150 Mass., 234. If an executor can be sued before the probate of the will, it must follow that he can be factorized.

The property having been attached prior to any notice, the assignment was not perfected as against the plaintiff. *Dearle* v. *Hall*, 3 Russ., 1; *Bishop* v. *Holcomb*, 10 Conn., 444; *Vanbuskirk* v. *Hartford F. I. Co.*, 14 id., 140; *Adams* v. *Leavens*, 20 id., 72; *Foster* v. *Mix*, 20 id., 395. The verbal information to the executor after March 5th is not found to be notice to him, nor is it in substance notice. The burden of proof is upon the assignee to establish either notice to the executor, or his knowledge. *Re Tichener*, 35 Beav., 317; *Saffron, etc. Benefit Society* v. *Rayner*, L. R. 14 Ch. D. 406; *Lloyd* v. *Banks*, L. R. 3 Ch. App., 490.

V. A court of equity will not give full force to this assignment, because it was in its nature a fraud upon creditors, on the part of Charles R. Alsop, and its consideration has not been fully paid by his sister, who now has notice of the fraud. *Morse* v. *Wood*, 100 Ill., 451; *Beers* v. *Botsford*, 13 Conn.,154;

*Freeman* v. *Burnham*, 36 id., 469; *Paulk* v. *Cooke*, 39 id., 573; *Barbour* v. *Conn. Mutual Life Ins. Co.*, 61 id., 248.

It is clearly sufficient to defeat a conveyance as to creditors, if it appears that any part of the consideration is to be paid in future support of the grantor, or if the property be held in secret trust for him. *Lawson* v. *Funk*, 108 Ill., 502; *Lukin* v. *Aird*, 6 Wall., 78; *Guffin* v. *First National Bank*, 74 Ill., 259; *Sidensparker* v. *Sidensparker*, 52 Me., 491; *Merchants Savings Bank* v. *Lovejoy*, 84 Wis., 611; *Young* v. *Harmon*, 66 N. Y., 382; *Powers* v. *Alston*, 93 Ill., 590; *Work* v. *Coverdale*, 47 Kan., 307; *Bush* v. *Collins*, 35 id., 535; *Hayden* v. *Charter Oak Driving Park*, 63 Conn., 142; *Baldwin* v. *Sager*, 70 Ill., 503; *Burton* v. *Reagan*, 75 Ind., 77; *Dresser* v. *Missouri Ry. Co.*, 93 U. S., 92; *Cutcheon* v. *Buchanan*, 88 Mich., 594; *Harder* v. *Rohn*, 43 Ill. App., 365; 2 Pom. Eq., §§ 691, 750.

The equity of the assignee, if any, is only a right to reimbursement. Beyond that she has no interest in the enforcement of the contract. Beyond that Charles, the debtor, is the sole beneficiary. If it be finally determined by the court that the assignment has any validity, the assignee should be permitted to demand only the amount or value of her advances, and the plaintiff must hold the balance.

*Charles E. Perkins*, for the defendant.

I. It is well settled that an heir or devisee may transfer his interest during the lifetime of the ancestor or testator, and that such a transfer, for a good consideration, will be sustained in equity. 1 Amer. & Eng. Ency. of Law, 830; 21 id., 475, 476, note.

II. Whether the factorizing process is a prior lien, is really the only question which arises upon the pleadings.

At common law an administrator or executor could not be factorized. *Winchell* v. *Allen*, 1 Conn., 385.

The statute (§ 1231) gives a limited right to hold "any debt, legacy, or distributive share due or that may become *due to him* (the defendant) from such executor." This evidently refers only to personal property, and the whole pro-

cess of foreign attachment relates only to personal property. The words "distributive share," mean, like debt and legacy, a share in personal property. Nothing is said about devises, nor would it be possible under the statutes to hold by this process any distributive share of an heir in real estate.

It is a fundamental principle of foreign attachment that the liability of the garnishee is to be considered as of the date of service of the process. *Capen* v. *Duggan*, 136 Mass., 501; Drake on Attachment, § 667; *Fitch* v. *Waite*, 5 Conn., 122. The liability must be absolute at the time of the attachment; if it is contingent, depending on circumstances thereafter to arise, the attachment will not hold. Drake on Attachments, § 551, and cases cited; 8 Amer. & Eng. Ency. of Law, 1189; Whaples on Attachment, § 373; *Godfrey* v. *Macomber*, 128 Mass., 188; *Bevenstohe* v. *Brown*, 157 id., 565.

Before the plaintiff can recover, therefore, he must show that on the 5th of March, 1894, Jackson had in his hands some personal property, which would absolutely go to Charles R. Alsop. If all that he shows is that the executor had personal property which only in a certain contingency would so go, it is not enough. But it is entirely doubtful and contingent whether Charles' share will be distributed to him in personal property or real estate, and such a contingency, under all the decisions, prevents its being the subject of foreign attachment. The words of the statute, that a distributive share "due, or which *may* become due," were not intended to change the whole principle applicable to foreign attachments. The word "due" certainly may mean either "existing" or "payable," and in this statute it clearly means the latter. *Foster* v. *Singer*, 24 Wis., 671.

III. Even if, in such a condition of things, an attachment could be made at all, it was premature. By our statutes executors have to be approved by the Court of Probate, and before they can be approved they must give bond. On the 5th of March, 1894, when this attachment was made, Mr. Jackson had not proved the will, or accepted the position as executor, or given a bond. It was not known on that day whether he would do either. Nor is the Court of Probate

bound to approve the person named in the will as executor, if he is incapable or an improper person. In *Davis* v. *Davis*, 2 Cushing, 111, it was held that after a person had been appointed administrator, but before he had given his bond, he could not be factorized. It may be claimed that an executor is in a different position from an administrator, as the former takes title under the will, and has certain powers before the will is proved. The case of *Marcy* v. *Marcy*, 32 Conn., 308, does so hold; but it does not follow that he can be factorized the moment the testator dies, and before he has accepted and given bonds, merely because theoretically the title is in him. It is believed that the only cases where executors have been held as garnishees, are where there was a debt, or legacy, or distributive share of personal property only, coming to the defendant in the original suit under the will, and where they had accepted the position and given bonds. 1 Woerner's Law of Admin., § 186; 3 Redfield on Wills, 20.

IV. Sufficient notice was given of the conveyance. It was recorded on the town records on March 3d, and so far as Charles R. Alsop's interest in the real estate of the testatrix was concerned, this was notice to all the world, both the executor and creditors. As it was, and is, uncertain whether his share would be personal property or real estate, or part of each, it would be unreasonable to hold that what would be good notice in one event would be bad in another. This creditor, as well as the executor, was affected with notice that Charles had transferred *all* his interest in the estate, by the record, and if they had notice for one purpose they should be held to have notice for all.

The attachment of March 17th was clearly unavailing, as before that time the executor had received notice, and therefore as soon as he accepted the position and qualified, he knew of the transfer. No special form of notice was necessary; the fact of knowledge was all that was required.

ANDREWS, C. J. This is an action of *scire facias*. The controlling facts are as follows:—

Clara P. Alsop died on the 28th day of February, 1894, leav-

ing a last will and testament, in which she appointed the
present defendant her executor, and named Charles R. Alsop
a legatee.    The estate of the said testatrix consisted partly
of real estate and partly of personal property.

On the 5th day of March, 1894, the present plaintiff brought
a suit against said Charles R. Alsop, in the Superior Court
in Middlesex County, demanding $4,000 damages, and caused
the interest of the said Charles R. in the estate of the said
Clara P. Alsop to be attached, by directing the officer to leave
a true and attested copy of the writ and complaint in the said
suit with the present defendant as such executor—describing
him as the agent, trustee and debtor of the said Charles R.,
and having the goods or estate of the said Charles R. Alsop
in his hands.    The process was duly served, and the plain-
tiff recovered judgment in that suit against the said Charles
R., on the 27th day of April, 1894, for the sum of $3,446.63
damages, and $31.68 costs of suit; and for those sums took
out execution, and caused legal demand to be made thereon
of the present defendant, as such garnishee.    The defendant
refused to pay said execution, or to show any estate of the
said Charles R. on which said execution could be levied.

On the 17th day of March, 1894, the will of the said Clara
P. Alsop was duly proved and approved by the Court of Pro-
bate in the District of Middletown, and the defendant ac-
cepted the trust of being the executor thereof, and gave bonds.
Other facts appeared in the case, but in the view that the
court has taken, it is not necessary that they be stated.

Section 1231 of the General Statutes provides, among other
things, that where any debt, legacy, or distributive share is
or may become due from the estate of any deceased person,
to a defendant in a civil action in which a judgment for money
damages may be rendered, the plaintiff may insert in his writ
a direction to the officer to leave a true and attested copy
thereof and of the accompanying complaint, with the executor
or administrator of such estate ; and from the time of leaving
such copy, any debt, legacy, or distributive share due, or that
may become due to him from such executor or administrator,

shall be secured in the hands of such garnishee to pay such judgment as the plaintiff may recover.

It is strenuously urged that because the will of Clara P. Alsop had not been approved by the Court of Probate on the 5th day of March, 1894, the leaving of a copy of the complaint with the defendant on that day, was not a good attachment of the legacy or distributive share in the estate of Clara P. Alsop which might become due to Charles R. Alsop.

We cannot assent to this view. On the contrary, it seems to us that the title to, and the possession of, the property of the testatrix, was at that time so in the defendant, that the service on him was a good service to secure in his hands such part of her estate as may be found to belong to Charles R. Alsop. An executor takes his title to the movable estate of a deceased person from the will, as a recognized instrument of conveyance at common law. "No probate (of the will) is essential to his title, unless there is some local statute which makes it essential. His title accrues at the instant of death, and without probate he may do many acts which appertain to his office. He may collect debts, sell property, pay debts and legacies, etc., and his acts will be legal. . . . So far as the local laws require him to prove the will, file an inventory, and settle the estate according to its provisions, he must conform to their directions, but such conformity is not essential to his *title* unless expressly made so by statute. And he may be sued and charged as executor *de jure*, not *de son tort*, unless he renounce, and upon proof of his acceptance by having acted as such, before he proves the will, for he *is* executor *de jure*, irrespective of such probate." *Marcy* v. *Marcy*, 32 Conn., 308, 316. The doctrine of this case has been referred to in several later cases with approval, and we understand it is the settled law of this State. *Irwin's Appeal*, 33 Conn., 128,137 ; *Hedenburg* v. *Hedenburg*, 46 id., 30 ; *Selleck* v. *Rusco*, ibid., 370 ; 372; *Hartford & N. H. R. R. Co.* v. *Andrews*, 36 id., 213,215.

"An executor is a person appointed by a testator to carry out the directions and requests in his will, and to dispose of the property according to his testamentary provisions after his decease. As his interest in the estate of the deceased is

derived from the will, it vests, according to the common law, from the moment of the testator's death.   The will becomes operative, including the appointment of executor, not by the probate thereof, not by the act of the executor in qualifying, which are said to be mere ceremonies of authentication, but by the death of the testator." ' Woerner's Law of Admin., § 172; *Wankford* v. *Wankford*, 1 Salk., 299; *Graysbrook* v. *Fox*, 1 Plowd., 275, 277*a*; *Smith* v. *Milles*, 1 Term, 475, 480; *Humphreys* v. *Humphreys*, 3 P. Williams, *351.  " The law knows no interval between the testator's death and the vesting of the right of his representative." DENMAN, CHIEF JUSTICE, in *Whitehead* v. *Taylor*, 10 Ad. & E., 210, 212.   In *Rand* v. *Hubbard*, 4 Met., 252, 257, CHIEF JUSTICE SHAW says: " But the title of an executor is derived from the will itself, and he may perform most of the acts incident to his office, before probate."   See also: *Hathorn* v. *Eaton*, 70 Me., 219; *Shirley* v. *Healds*, 34 N. H., 407 ; *Lane* v. *Thompson*, 43 id., 320; *Johns* v. *Johns*, 1 McCord, *132; *Seabrook* v. *Williams*, 3 id., *371; 1 *Williams on Executors* (6th Ed.), 338, 347; 7 Amer. & Eng. Ency. of Law, 230.

A statute would hardly undertake to say that the title of an executor to the movable property of his testator, did not come from the will.   Such a statute would in effect declare that a will was not a will.   There are statutes which say that an executor may not bring a suit respecting such property, until the will has been duly established in the proper court and he has given bonds.   *Dixon* v. *Ramsay*, 3 Cranch, 319.   There is, upon principle, no necessity for the probate of a will to establish the title of an executor to the movable property of the deceased, any more than to establish the title of a devisee to the land devised to him.   In either case the title comes from the will, and the title accrues at the moment of the testator's death.   The probate of the will does not give a title to either, but it does furnish incontrovertible evidence that the will is what it purports to be.   If a party should claim title to land by deed, or to personal property by a bill of sale he must establish by preliminary proof that the deed was duly signed, witnessed and acknowledged, or

that the bill of sale was authentic, before the deed or the bill of sale could be admitted in evidence to prove his title to the land in the one case, or to the movable property in the other. No document is received as evidence until .the party desiring to offer it has first established its genuineness to the satisfaction of the judge. Reynolds on Evidence, 157. Where a party claims property by a will, the probate of the will furnishes the preliminary proof that the writing purporting to be a will was duly executed, and that the testator was of sound mind. The will then can be admitted in evidence and proves the title. Our statutes commit the probate of all wills to the Courts of Probate ; and it has been held in this State that that court is the only tribunal competent to decide the question of the due execution of a will—including the testamentary capacity of the testator. *Fortune* v. *Buck*, 23 Conn., 1, 8. Hence a party who desires to show title by a will, to personal property or real estate, can have it received as evidence of such title, only after it has been established in the proper Court of Probate ; because that is the only way in which he can show that the will under which he claims, is genuine. *Tompkins* v. *Tompkins*, 1 Story, 547 ; *Smith* v. *Fenner*, 1 Gall., 171 ; *Langdon* v. *Goddard*, 2 Story, 267.

The final decree of the proper Court of Probate as to the validity or invalidity of a will is conclusive, so that the same question cannot be re-examined or litigated in any other tribunal. The reason is, that it being a decree of a court of competent jurisdiction, directly upon the very subject-matter in controversy, to which all persons who have any interest are made or may make themselves parties—because they are notified by the fact of death, as well as by the requirement of the statute to be present for the purpose of contesting the validity of the will—it necessarily follows that it is conclusive as to them all. Such decrees are treated as of the like nature as sentences or proceedings *in rem*, necessarily conclusive upon the matter in controversy, for the common safety and repose of mankind. 1 Williams on Executors, (6th Ed.) 549 ; *Merrill* v. *Harris*, 26 N. H., 142 ; *Allen* v. *Dundas*, 3

Term Rep., 125. But the party has no greater, or better, or different *title*, after the probate than he had before. *Bent's Appeal*, 35 Conn., 523.

The record before this court shows that the estate of Clara P. Alsop was appraised at $82,838.77, of which $17,000 was in real estate; and that the share of Charles R. Alsop will be, in no event, less than one twenty-fourth part of the whole. It appears that a suit is pending in court for a construction of the will of the said Clara P., and that her estate is not yet settled. Obviously a judgment cannot now be rendered against the defendant, for the reason that the time has not come when, if the attachment had not been made, it would have become his duty in the settlement of the estate to deliver to the said Charles R. Alsop the legacy or distributive share to which he is entitled.

As the case now stands, we advise the Superior Court to render judgment for the defendant.

In this opinion the other judges concurred.