JOHN MURDOCH ET ALS. *vs.* ANNIE A. MURDOCH, EXECUTRIX.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

The court of a testator's domicil is the one to determine whether his will designates an executor or not, and, if it does, whether the person so designated is to be approved or disapproved. Accordingly, when the will of a resident of another State is produced for record in a Court of Probate in this State, pursuant to General Statutes,

§ 305, it carries with it the same meaning, in respect to the designation of an executor, that it was adjudged to bear by the court of the testator's domicil upon its original probate.

It does not follow, however, that the Court of Probate in this State is bound to issue letters testamentary to the same individual; it still has the right to approve or disapprove of the person named by the testator.

The failure of a Court of Probate to issue an order of citation—assuming that to be required by § 305 in addition to notice by publication—in respect to a subject-matter which is clearly within its power to hear and determine, is not a jurisdictional defect but a mere irregularity or fault in procedure, the consequence of which may be that the decree rendered therein may be an *ex parte* one as to some of those interested.

The power to modify or revoke its *ex parte* orders and decrees, conferred by General Statutes, § 203, upon a Court of Probate, is one addressed to its judicial discretion, the exercise of which is reviewable only by the Superior Court, on appeal, in the exercise of a like discretion.

Evidence that the person designated as executrix in the will in suit was at its date and long before insane and incompetent to carry on business, and that the testator knew it, is not admissible for the purpose of showing the proper construction of the will as to such appointment, since that was a question for, and one that had been decided by, the court of the testator's domicil.

Had such evidence been offered to show the mental incapacity of the person named as executrix when she was approved by the Court of Probate in this State, a different question would have been presented.

Argued January 20th—decided March 3d, 1909.

APPEAL from a decree of the Court of Probate for the District of New Haven, which dismissed an application to revoke a grant of letters testamentary to Annie A. Murdoch as executrix of the will of William B. Murdoch, brought to the Superior Court in New Haven County and heard by *Reed, J.* Judgment confirming the decree of probate. *No error.*

William B. Murdoch of Mississippi signed in Mississippi, on August 5th, 1891, a holographic paper, reading as follows:—

"Cain Mount, Claiborne Co., Mississippi, August 5th, 1891.

*This my last will and testament—*

1st. I leave to my wife Annie A. Murdoch, the entire use and management of all my property, both real and personal during her life—at her death it all goes to my living brothers and sisters, or their heirs.

2nd. No inventory of my estate is to be taken.

3rd. My wife has perfect right to sell any of it as may be for the best.

4th. I ask that my friend James M. Gillespie of Tensas Parish, La and my cousin John W. Bristol of New Haven Connecticut act as Co-Executors with my wife and befriend and aid her in her business—they give no bond—nor is it necessary for them to qualify as Executors in any Court— Simply by furnishing a certified copy of this will, the signature of either of them with the signature of my wife, is all that is necessary to sell or transfer any of the property, as they may deem best—

5th. No account is to be kept of the disposition or management of my property—my wife to have full use, and manage it the best she can, with advice of the two Co-Executors, and at her death, what is left goes to my brother & sisters or their heirs—

6th. I leave with this a letter to certain friends and relatives, asking them to befriend my wife the balance of her life—

(Signed) W. B. MURDOCH.

To My Brothers and Sisters:

To my cousin John Butler and Louis Bristol. To my friends John E. Carey, E. W. Constance and Wade Benjamin and my two friends that I have asked to act as coexecutors to my will.

My last request is that you will befriend my wife and see her protected from some who might be her enemies. I have talked on this subject with some of you.

W. B. MURDOCH."

He died April 24th, 1903. By the laws of Mississippi hol-

ographic wills are valid, though unattested, and the "Court of Chancery" has "full jurisdiction" over "matters testamentary and of administration." The paper was presented for probate to the Court of Chancery, which admitted it to probate, and on May 16th, 1903, appointed Annie A. Murdoch sole executrix of the will, James Gillespie being dead, and John W. Bristol having declined to act as executor.

On June 17th, 1903, she filed in the Court of Probate for the district of New Haven an authenticated and exemplified copy of the will and the record of the proceedings in the Court of Chancery, and an application for its admission to probate by the Court of Probate and the issue of letters testamentary. At the time of his death William B. Murdoch owned real estate in New Haven and also personal property in the hands of residents of New Haven. An order was thereupon issued by the Court of Probate that the application be heard on July 1st, 1903, and that public notice to all parties interested in the estate of William B. Murdoch be given by publishing the order three times in a newspaper having a circulation in the probate district. This notice having been given, the hearing was continued from July 1st to September 8th, when the application was granted, the will admitted to probate and ordered on record, and letters testamentary issued to Mrs. Murdoch as executrix, on her giving a probate bond, which was duly approved.

The application to the Court of Probate to reopen the matter and set aside these orders and decrees was made by the appellants October 17th, 1905.

*William H. Ely,* for the appellants (plaintiffs).

*George D. Watrous,* for the appellee (defendant).

BALDWIN, C. J. Whether a man dies testate or intestate

is to be determined by the law of his domicil, in respect to his personal property, and, in respect to his real estate, by that of the State or country within which such real estate is situated. General Statutes, §§ 293, 305, provide that "all wills executed according to the laws of the state or country where they are executed may be admitted to probate in this state, and shall be effectual to pass any estate of the testator situated in this state"; and that "when a will conveying property situated in this state has been proved and established out of this state, in and by a court of competent jurisdiction, the executor of said will, or any person interested in said property, may produce to the court of probate in the district in which any of said property is situated a duly authenticated and exemplified copy of such will, and of the record of the proceedings proving and establishing the same, and request that such copies be filed and recorded; and if, upon due hearing had after public notice and such citation as said court shall order, no sufficient objection be shown, said court shall order said copies to be filed and recorded, and they shall thereupon become part of the files and records of said court, and shall have the same effect upon the property so conveyed as if said will had been originally proved and established in said court of probate."

The proceedings before the Court of Chancery of Mississippi were such as to entitle any person interested in the property of William B. Murdoch within the district of New Haven to apply to the Court of Probate for that district to have duly authenticated and exemplified copies of the record of them made part of its files and records. They also, when proved by such copies, conclusively established that the paper admitted to probate was entitled to probate in Mississippi as the will of William B. Murdoch, and that Annie A. Murdoch was designated in it as an executor; for no court can make an original appointment of an executor, its power being limited to recognizing, and approving or

Murdoch *v.* Murdoch.

disapproving an appointment made by the testator. *Terry's Appeal*, 67 Conn. 181, 186, 34 Atl. 1032. The will of Mr. Murdoch does not directly name his wife as an executor. It, however, names two others who are asked to act as coexecutors with her, and "aid her in her business", but are exonerated from giving any bonds or qualifying as executors in any court. It also gives Mrs. Murdoch the entire use and management, without account, of all the estate during her life, with power of sale. Whether the ample authority thus bestowed upon her, coupled with the provision as to coexecutors and that those asked to act in that capacity need not qualify before any court, justified the conclusion that the testator intended that his wife should be an executor of his will and had used words which sufficiently expressed that intention, was a question of testamentary construction. It is for the courts of the domicil of a testator to construe his will so far as respects any matters subject to their jurisdiction. *Clarke's Appeal*, 70 Conn. 195, 209, 210, 39 Atl. 155; *Clarke* v. *Clarke*, 178 U. S. 186, 20 Sup. Ct. Rep. 873. Among such clearly are, after the probate of the will, the determination of the question whether it designates executors, and if there be such a designation, their approval or disapproval as such.

The copies presented to the Court of Probate of the proceedings in the Court of Chancery having been duly authenticated and exemplified under the laws of the United States, were entitled to the same faith and credit here as that due to them in Mississippi. The paper there found to be the will of William B. Murdoch was, consequently, to be accepted here as his will, and accepted, so far as concerns his appointment of executors, as meaning what the Mississippi court adjudged it to mean.

That this will was sufficient to convey all his property, real or personal, situated in this State, is clear, under General Statutes, §293.

It did not, however, follow that the Court of Probate was

bound to issue letters testamentary to Mrs. Murdoch as executor. It had the right to approve or disapprove that appointment. *Overby* v. *Gordon,* 177 U. S. 214, 215, 223, 20 Sup. Ct. Rep. 603. She might have been competent to manage and dispose of the Mississippi property and incompetent to manage and dispose of that in Connecticut.

It is therefore necessary to inquire whether the decree of probate, granting her letters testamentary, ought to have been revoked.

General Statutes, § 305, provides that in cases of this nature the will and the proceedings resulting in its probate by a court of another jurisdiction may be filed and recorded in the Court of Probate "if, upon due hearing had after public notice and such citation as said court shall order, no sufficient objection be shown"; and that the will shall thereupon have the same effect as to property in Connecticut as if it had been originally probated here. Courts of Probate are empowered to "make any proper order providing for the notice to be given to any person residing out of" the State of matters pending before them, "and the notice given under such order shall be a legal notice to such person", provided that any person "interested in any application that may be made to any court of probate for the probating of a will or the granting of administration, may, in person, or by attorney, file with said court a written request for special notice to be given to him, or his attorney, of any order passed by such court of probate thereon", in which case he shall be entitled to reasonable notice, personally, "of any hearing in said matter." General Statutes, §§ 208, 209. No such written request was ever filed in behalf of any of the appellants, who are the brothers and sisters of the testator, and his heirs at law, one residing in Louisiana and the others in Maryland. They had no actual notice of the proceedings in the Court of Probate in 1903, until more than two years after they were closed.

If the publication of the order of notice in a newspaper,

with nothing further in the way of a citation, satisfied the requirements of these statutes, the appellants received "legal notice", and the decree subsequently entered cannot be regarded as an *ex parte* one, within the meaning of General Statutes, § 203, but stands on the footing of any other decree, as respects proceedings to set it aside. These in ordinary course are by appeal to the Superior Court; and the appeal must be taken by those who had legal notice to be present at the rendition of the decree, within one month, and by those who had no notice to be present and were not present, within twelve months. General Statutes, § 407. The Court of Probate itself has no power, save in exceptional cases, of which this, on the assumption above made, would not be one, to revoke its own decrees. General Statutes, §§ 194, 203, 314; *Delehanty* v. *Pitkin*, 76 Conn. 412, 420, 56 Atl. 881, 199 U. S. 602, 26 Sup. Ct. Rep. 748.

No appeal was taken by any of the present appellants from the original decree of probate.

If, on the other hand, the notice given of the original application of Mrs. Murdoch did not satisfy the requirements of General Statutes, §§ 305, 208, the defect was not jurisdictional, but a mere irregularity. The Court of Probate had unquestionable power to entertain and dispose of the original application, with respect both to its subject-matter and to the rights of all who were or might be interested in it. *State* v. *Blake*, 69 Conn. 64, 78, 36 Atl. 1019. Its fault, on the present assumption, would have been one of procedure, and the consequence of the fault, at most, so far as concerns the present case, would be to make the decree, as to the appellants, an *ex parte* one. *State* v. *Thresher*, 77 Conn. 70, 77, 58 Atl. 460; *Johnes* v. *Jackson*, 67 Conn. 81, 90, 34 Atl. 709.

By General Statutes, § 203, "any court of probate may modify or revoke any order or decree made by it *ex parte*, before any appeal therefrom, and, if made in reference to the settlement of any estate, before the final settlement

Murdoch *v.* Murdoch.

·thereof, upon the written application of any person interested therein, and after notice of the time and place of hearing on such application, appointed by the court, to be given in the manner prescribed by it, to the person having charge of such estate, and to all other interested parties; and upon any modification, or revocation, there shall be the same right of, and time for, appeal, as in case of any other order or decree." The power of modification or revocation thus conferred is one that, on an application made in a prescribed manner, "may", not must, be exercised. The action to be taken by the court rests in its judicial discretion, subject to revision only by the Superior Court in the exercise of a like discretion, on appeal.

In the application of the appellants to the Court of Probate it was not denied that Mr. Murdoch left a valid will. The allegations relied on, as a cause for setting aside the decrees in question, were that the will did not authorize the appointment of Mrs. Murdoch as executrix, and that she was, at the time of the testator's death and for years had been, to his knowledge, mentally incapable to administer such an estate. These averments were found untrue, and there was therefore no sufficient ground shown for revoking the decrees appealed from.

The appellants produced a witness who had seen Mrs. Murdoch in 1900 when she was at Saratoga without her husband, and asked him how much he had then seen of her; claiming that by this and other testimony they were prepared to show that prior to the execution of the will and down to the death of Mr. Murdoch continuously she was insane and incompetent to carry on business affairs of any ·kind, all of which her husband knew, when he signed his will. The purpose of introducing this evidence they stated to be to show the surrounding circumstances accompanying the drawing and execution of the will.

If these circumstances could be of any importance, in disposing of the present proceedings, it would be because

they bore on the proper construction of the will, with re-
spect to the designation of Mrs. Murdoch as an executor.
As that was a matter to be decided by, and which had
been decided by, the court of the testator's domicil, the
evidence offered was properly excluded.

Had it been offered for the purpose of showing that,
when the Court of Probate in this State approved her
appointment, she was mentally incapable of acting as
executrix, a question would have been presented which, as
things are, need not be considered.

There is no error.

In this opinion the other judges concurred.