## JOSEPH GARLAND, ET AL.
### vs.
## THE GREENWICH TRUST CO., TRUSTEE
(Estate of Agnes J. Garland)

Superior Court      Fairfield County      File #50764

Present: Hon. JOHN A. CORNELL, Judge.

Walter M. Anderson,      Attorney for the Plaintiffs.

Walter M. Anderson,      Attorney for the Defendant.

## MEMORANDUM FILED MARCH 10, 1937.

CORNELL, J. The Court's memorandum of decision (Quinlan, J.) indicates that though it was regarded as unlikely, there is, nevertheless, the possibility of issue yet being born to either of the plaintiffs, Agnes J. Krieger and Harriet H. Schwenk. It was for that reason that a "refunding bond" was required to be furnished.

Under the terms of the will, if at the time that Joseph Garland deceases, either or both Agnes J. Krieger and Harriet H. Schwenk have deceased and either or both of them then have living issue, such issue will take the share of its deceased parent. It seems obvious, therefore, that when the court described the bond which it required to be furnished as a condition to be satisfied if the trust were to be terminated, it employed the term "refunding bond", advisedly.

Under the circumstances disclosed by the complaint, the proposed judgment file and the memorandum of decision, it seems apparent that the court had in mind that the persons to whom the trust res should be turned over and paid over under its decree should covenant to refund, i.e. "gives back"— to the trustee such a sum as would be equivalent in value to that which would have been in the hands of the trustee for the benefit of any issue which should be born to either Agnes J. Krieger or Harriet H. Schwenk and survive its mother at the time of Joseph Garland's decease, had the trust remained in effect. The particular event, under such circumstances which would be decisive would be the birth of issue to and its survival after the death of either Agnes J. Krieger or Har-

riet H. Schwenk—not whether such surviving issue should "establish in equity or at law, his or her interest in and to said trust estate"—as the condition of the proposed bond reads.

The bond which the Court is asked to approve under the instant motion does not contain such a condition. It is merely an indemnity bond which could come into operation only if an infant, e.g., applied to the court to sustain its right to the benefit of the provisions of the will and in that fails to conform to the memorandum of decision.

In this connection attention of counsel is called to the following considerations:

The complaint asks that a testamentary trust be terminated. The copy of the will annexed thereto describes the trust res as consisting of two parcels of realty, viz., one in New York City and the other in Greenwich, Conn. It is alleged that the will was admitted to probate in the Surrogate's Court for the County and State of New York and that ancillary administration was thereafter granted by the Probate Court for the District of Greenwich.

The will, itself, names one Andrew J. Berrian, Jr., as executor and trustee to perform the trust described in the will. The complaint is silent as to whether the designated trustee accepted said trust and thereafter resigned or deceased or was living at the time of the death of the testatrix and declined to act. It does say that "The Greenwich Trust Company was duly appointed Trustee under the Last Will and Testament of said Agnes J. Garland by the Probate Court for the District of Greenwich . . . ." It is not clear how the last named probate court acquired jurisdiction to appoint a trustee under a will admitted to probate in a New York Surrogate's Court, where presumably the estate to which it applied was being administered. See **Murdock vs. Murdock, 81 Conn. 681, 687.**

Again, it is not merely that portion of the trust res consisting of realty situated in Connecticut as to which termination of the trust was sought but the trust, itself, even as it applies to the real estate situated in the State of New York.

On the face of the complaint, it is not evident, under what authority this court acquires jurisdiction to terminate a trust affecting real estate located in a foreign jurisdiction nor on

what theory it may assume to bring an end to a testamentary trust created by a will admitted to probate in a court of a foreign state where the testatrix was domiciled in such state at the time of her death. The latter fact is not directly alleged but may be inferred from the fact that ancillary administration only was granted by the Probate Court for the District of Greenwich.

These are but random observations which occur only as a result of cursory examination of the file incidentally to consideration of the instant motion and without the benefit of any greater familiarity with the matter than is gained from such source.

Inasmuch, however, as they relate to jurisdictional matters, if they have not already been considered, it is suggested that some thought be given them.

For the reasons noted supra, the motion for approval of the bond offered is denied.

Incidentally, attention is called to the fact that there is no judgment signed by the judge who heard the case, in the file—only a proposed form of judgment.