LAURA HAVERIN *v.* WILLIAM L. WELCH, EXECUTOR.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 4—decided July 16, 1942.

310

*Ufa E. Guthrie*, for the appellant (plaintiff).

*William M. Harney*, for the appellee (defendant).

MALTBIE, C. J. This is an appeal from a judgment of the Superior Court sustaining the refusal of the Probate Court for the district of Hartford to open a decree in which it had admitted a will to probate and which the plaintiff claimed to have been made ex parte. On July 28, 1939, James G. Lacey, a resident within the probate district of Hartford, died. The defendant, a first cousin of the half blood, made an application for administration of the estate as intestate, stating therein that the sole heirs-at-law were five cousins of the half blood, one of whom was himself. On August 29, 1939, the defendant and Frank M. Mather made application for admission to probate of a will left by Lacey in which they were named executors, and this application contained the same statement as to Lacey's sole heirs-at-law that was in the earlier one. The Probate Court, relying on this statement, ordered that notice of a hearing upon the application to be held on September 14, 1939, be served on these cousins by registered mail, but the court did not order public notice upon a signpost or by publication. On September 12, 1939, a woman who had been for many years housekeeper for Lacey informed

Mather that there were cousins of the full blood and gave him the address of one of them, but the Probate Court was not informed of this. The hearing was held on September 14, 1939, and the will was admitted to probate. In fact there were living six cousins of the full blood, five of whom resided in the state of New Jersey and the sixth, the plaintiff, in the state of New York.

The plaintiff had no notice or knowledge of the hearing on admission of the will to probate. The court did not learn of the existence of these cousins of the full blood until some two months after its decree was rendered. On November 22, 1939, of its own motion it ordered a copy of the will and decree to be sent to them by registered mail; this was done; the plaintiff received the papers about November 25, 1939, and she then first learned of the death of Lacey and of the admission of the will to probate. On July 27, 1940, she filed an application to open and vacate the decree admitting the will to probate as one made ex parte within the provisions of § 4779 of the General Statutes, and in that application it was also alleged that the decree had been procured through the fraud of the defendant in concealing from the court the existence of the cousins of the full blood and that plaintiff had been deprived of an opportunity to be heard because of the lack of notice to her. On September 13, 1940, the Probate Court denied the application. On the same day the plaintiff appealed to the Superior Court from the decree admitting the will to probate. To that appeal a plea in abatement was filed on the ground that it was not taken within the time allowed by the statutes. General Statutes, § 4992, Cum. Sup. 1939, § 1306e. The trial court sustained the plea and the plaintiff filed an appeal to this court but later abandoned it. The plaintiff also appealed

to the Superior Court from the order of the Probate
Court refusing to open and vacate its decree admitting
the will to probate. The trial court dismissed the
appeal, one of the grounds being that the decree ad-
mitting the will to probate was not an ex parte de-
cree. As it was correct in so ruling, we do not need
to consider the other conclusions to which it came.

Section 4779 of the General Statutes provides that
any Court of Probate "may modify or revoke any
order or decree made by it ex parte before any appeal
therefrom, and if made in reference to the settlement
of any estate, before the final settlement thereof"
upon written application of any person interested
therein and after hearing and notice. This statute was
authoritatively interpreted in *Murdoch* v. *Murdoch*, 81
Conn. 681, 72 Atl. 290. In that case it appeared that
an application was made to admit to probate in this
state a foreign will and notice was given to all persons
interested by publication. The court admitted the
will and granted letters testamentary. Subsequently
the plaintiffs, interested parties, made application to
have the decrees opened and set aside. They were
nonresidents and had had no actual notice of the pro-
bate proceedings. We held that, if the notice satisfied
the requirements of the statute, the decree of the court
rendered upon such notice and after hearing was not
ex parte within the meaning of the statute, but if the
notice did not comply with the statutory requirements
the decree would have been ex parte as regards the
plaintiffs who had no notice and had not appeared.
The rule established by that case is that a decree en-
tered after notice given in compliance with the statutes
and upon hearing is not ex parte within the meaning
of § 4779, even as regards a party who had no actual
notice. See *Massey* v. *Foote*, 92 Conn. 25, 28, 101
Atl. 499; *Gill* v. *Bromley*, 107 Conn. 281, 140 Atl. 721.

Section 4884 of the General Statutes provides that before a Probate Court shall admit a will to probate it shall hold a hearing, of which, in the absence of waiver, notice, "either public or personal or both, as the court may deem best, shall have been given to all parties known to be interested in the estate." In *Davis's Appeal from Probate,* 39 Conn. 395, we held that, under a statute requiring that commissioners on an insolvent estate should give written notice of the time and place of their meeting to receive and decide upon claims of creditors to "all known creditors of the estate," the quoted words included creditors known to the executor or administrator, that is (p. 399), known "to those who have charge of the estate; those who are called upon to administer its affairs and have the custody of its books and papers; those whose duty it is to inform themselves regarding all the debts and credits of the estate, and have the means of knowledge on the subject in their possession; and not merely known to the commissioners, who ordinarily possess, and who naturally would possess, but little knowledge regarding the affairs of the estate." Even if we were to assume that the information coming to Mather from Lacey's housekeeper in itself charged him with knowledge that there were living cousins of the first blood, we cannot extend the decision in the *Davis* case to apply to the statute before us. At the time application is made to admit a will to probate a person named therein as executor does not occupy a position such as that described in that case and may not even know of the existence of the will or that he is named executor therein. Under this statute, the responsibility for determining what notice shall be given rests upon the Probate Court; if it decides to give personal notice it should, and it is to be presumed that it will, make all reasonable inquiry to determine

what persons are interested in the estate; but the undisclosed knowledge of one named as executor in the will cannot be imputed to the court. "Known" means, in this statute, known to the Probate Court. The only persons known to it to be interested in the estate at the time of the hearing on the admission of the will to probate were the five cousins of the half blood. The court specifically found that the return of a giving of the notice to them was true. The notice complied with the requirement of the statute and was legal notice of the hearing. *Gill* v. *Bromley,* supra, 284. It was sufficient to give the court power to proceed with the settlement of the estate.

The plaintiff, citing a number of cases, claims that, lacking other notice, a decree admitting the will to probate was not binding upon her and that if it were held to be binding it would violate the constitutional guaranty of due process of law. An examination of the cases she cites discloses that in them there was no notice, either actual or constructive under an order of the court made in compliance with the statute. *Canfield* v. *Wooster,* 26 Conn. 384; *Lawrence* v. *Security Co.,* 56 Conn. 423, 441, 15 Atl. 406; *State* v. *Thresher,* 77 Conn. 70, 77, 58 Atl. 460; *Beattie* v. *Hewitt,* 114 Conn. 689, 692, 159 Atl. 890. None of them hold that if notice is given of a hearing by the Probate Court in accordance with the requirements of the statutes its decree is not binding upon persons who do not have actual notice. "The giving of the notice required by law is a legal notice to all persons interested in the estate, whether they have actual knowledge of the proceedings or not." *Gill* v. *Bromley,* supra, 284; *Parker* v. *Meeks,* 96 Conn. 319, 114 Atl. 123. Our statutes give to any person aggrieved by a probate decree one month in which to appeal to the Superior Court if they are present or have legal

notice to be present or, not being present or having such notice, if they later receive notice of it; or within twelve months if, being adults, they are not present and do not have legal notice, or, if they are minors without a guardian, within twelve months after they become of age. General Statutes, §§ 4991, 4992, Cum. Sup. 1939, § 1306e. Appeals to the Superior Court are heard de novo; *Davis's Appeal,* supra, 401; *Slattery* v. *Woodin,* 90 Conn. 48, 51, 96 Atl. 178; and at least as regards the admission of a will to probate the Superior Court has all the powers of a Probate Court. *Vivian's Appeal,* 74 Conn. 257, 259, 50 Atl. 797. Where the statutory requirements as to notice are complied with, the right of any person aggrieved to appeal within the time specified from a decree admitting a will to probate and to have a full hearing de novo in the Superior Court is sufficient to constitute due process of law, even though he has no actual notice of the hearing upon its admission. *Farrell* v. *O'Brien,* 199 U. S. 89, 118, 25 Sup. Ct. 727. In *Goodrich* v. *Ferris,* 214 U. S. 71, 81, 29 Sup. Ct. 580, the court pointed out that the administration of an estate in a Probate Court is a proceeding in rem "as to which all the world is charged with notice" and held that where notice of a hearing on the acceptance of the final account of an executor was posted for ten days under a state law there was no lack of due process of law as regards a nonresident who in fact received no notice. See *Hiscox's Appeal from Probate,* 29 Conn. 561, 562. Where the requirements of the statutes as to notice are complied with, it might result in serious delay and confusion of rights to permit a Probate Court to open a decree admitting a will to probate at any time prior to the settlement of the estate on the motion of a party who did not have actual notice.

The trial court was right in its ruling that the decree

admitting the will to probate was not an ex parte decree within the meaning of § 4779. Probate Courts have no power to open decrees they have made except under specific statutory authority. *Delehanty* v. *Pitkin,* 76 Conn. 412, 416, 56 Atl. 881; *Schutte* v. *Douglass,* 90 Conn. 529, 537, 97 Atl. 906; *Gill* v. *Bromley,* supra, 285. The trial court found that the defendant had not been guilty of fraudulently concealing from the Probate Court the fact that there were cousins of the full blood. Whether it was correct in that conclusion, we do not need to consider. Whether a Probate Court will open an ex parte decree rests within its legal discretion; *Murdoch* v. *Murdoch,* supra, 689; and had the court power to open the decree in question such concealment might be a relevant consideration in determining whether or not it had abused its discretion in acting in the matter; but it becomes of no consequence in view of the fact that the court lacked power to open the decree. The plaintiff received notice of the decree admitting the will to probate about November 25, 1939, and she had thirty days thereafter in which to appeal. By her own delay she lost her right to have the decree reviewed by a trial de novo in the Superior Court. Her only recourse now for relief upon the ground of fraud would be by an appeal to the general equitable power of the Superior Court, which may, in proper cases, grant relief against decrees of the Probate Court procured by fraud, accident, mistake and the like. *Folwell* v. *Howell,* 117 Conn. 565, 569, 169 Atl. 199. The Probate Court has no power to open a decree it has made upon such a ground. *Delehanty* v. *Pitkin,* supra.

There is no error.

In this opinion the other judges concurred.