ELIZABETH M. ROBINSON ET AL. *v.* JOHN D. GUMAN, JR., ADMINISTRATOR (ESTATE OF HOWARD E. LANE)

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued June 9—decided July 27, 1972

*George N. Nichols,* for the appellants (plaintiffs).

*James F. Kenney,* with whom, on the brief, was *James P. White, Jr.,* for the appellee (defendant).

MacDonald, J. This is an appeal by three heirs-at-law of Howard E. Lane, late of Bridgeport, who died intestate, from a judgment of the Superior Court which, in effect, sustained certain orders and decrees of the Probate Court for the district of Bridgeport. The sole issue presented is whether the plaintiffs, two of whom were nonresidents of Connecticut and the third a resident of Connecticut but not of the probate district of Bridgeport, were given legal notice of the proceedings involved so as to limit the time for their appeal from the Probate Court's orders to thirty days.

The undisputed facts as stipulated by the parties are as follows: At all relevant times the plaintiffs Elizabeth M. Robinson and George R. Berger were not inhabitants or residents of Connecticut and the plaintiff Gertrude L. Foote, although living in Connecticut, was not an inhabitant or resident of the probate district of Bridgeport. None of the plaintiffs was present at the time of entry of the orders and decrees which are the subject of this appeal. Notice of the application for letters of administration, an application to compromise a doubtful and disputed claim against the estate and an application for the sale of certain Bridgeport real estate owned by the decedent was given, pursuant to order of the Probate Court, by publication in the Bridgeport Post and by registered mail directed to the treasurer of the state of Connecticut. The orders and decrees of the Probate Court on these applications granting letters of administration to John D. Guman, Jr., and subsequently granting him, as administrator, leave to compromise the disputed creditor's claim and to sell real estate owned by the estate, were all entered within twelve months of the date of the appeal, but more than thirty days prior thereto.

The application for letters of administration recited that there were no known heirs of the decedent.

The defendant moved to erase the plaintiff Foote's appeal to the Superior Court and pleaded in abatement to the appeal by the plaintiffs Robinson and Berger on the ground, in each case, that the Superior Court had no jurisdiction because the appeals had not been filed "within the time limited, nor within the requirements of Sections 45-289 and 45-291 of the Connecticut General Statutes." The court granted the motion to erase and sustained the plea in abatement, and judgment was rendered accordingly erasing the appeal as to Foote and abating and dismissing the appeal as to Robinson and Berger. In appealing from the foregoing judgment, the plaintiffs assign as error the action of the court in sustaining the plea in abatement, granting the motion to erase and, pursuant thereto, in dismissing the appeal, making the basic claim that publication of notice in a local newspaper did not constitute "legal notice" to the plaintiffs so as to limit the time for their appeal to the Superior Court to thirty days, as found by the court, instead of twelve months, as claimed by the plaintiffs.

Of the several relevant statutes involved, § 45-291 of the General Statutes provides, in its pertinent part, that "all appeals by persons not inhabitants of this state who were not present at such time [of the making of the order or decree appealed from] and did not have legal notice to be present shall be taken within twelve months thereafter." Section 45-31 provides: "Courts of probate may make any proper order providing for the notice to be given to any person residing out of or absent from this state and, except as otherwise provided, to any person within the state to whom particular notice of any

proceeding before such court is required by law, and the notice given under such order shall be a legal notice to such person." Since the Probate Court for the district of Bridgeport ordered notice of the various hearings by publication in the Bridgeport Post and by registered mail to the state treasurer, a reading of the two statutes would appear to indicate clearly that the nonresident plaintiffs, having received "legal notice" as defined by § 45-31, were not entitled to the twelve-month appeal period but were limited instead to the thirty days allowed by § 45-289 which provides, in pertinent part, that "such appeals, by those of full age and present or who have legal notice to be present, shall be taken within thirty days, and, if they have no notice to be present and are not present, then within twelve months." This conclusion is further supported by the specific provisions in § 45-32 that "[w]henever, in any proceeding in, or matter pending before, a court of probate, public notice is required, such notice, except as provided in this chapter, shall be by publication in some newspaper having a circulation in the district in which such court is held, for such length of time as such court may direct, and such court may prescribe such further notice as it deems requisite." It is not disputed that the publication of the notices under consideration here was in a newspaper having a circulation in the district, and it is the claim of the defendant that the notice was binding on both the resident and nonresident plaintiffs even though they admittedly did not receive actual notice of the various proceedings. We have so held in a number of cases governed by the then-applicable statutes similar to those involved here and affecting both nonresidents of the state and nonresidents of the probate district living in Connecticut.

"The giving of the notice required by law is a legal notice to all parties interested in the estate, whether they have actual knowledge of the proceedings or not." *Gill* v. *Bromley,* 107 Conn. 281, 284, 140 A. 721. In *Murdoch* v. *Murdoch,* 81 Conn. 681, 687, 72 A. 290, involving nonresidents of the state, we said: "If the publication of the order of notice in a newspaper, with nothing further in the way of a citation, satisfied the requirements of these statutes, the appellants received 'legal notice'"; and in *Parker* v. *Meeks,* 96 Conn. 319, 324–25, 114 A. 123, involving a Connecticut resident living outside the probate district, "the appellant . . . had legal notice of the hearing . . . and, as she did not take her appeal from the order . . . within one month, her right to appeal is barred."

"Where the statutory requirements as to notice are complied with, the right of any person aggrieved to appeal within the time specified from a decree . . . is sufficient to constitute due process of law, even though he has no actual notice of the hearing . . . . *Farrell* v. *O'Brien,* 199 U.S. 89, 118, 25 Sup. Ct. 727 [50 L. Ed. 101]. In *Goodrich* v. *Ferris,* 214 U.S. 71, 81, 29 Sup. Ct. 580 [53 L. Ed. 914], the court pointed out that the administration of an estate in a Probate Court is a proceeding in rem 'as to which all the world is charged with notice' and held that where notice of a hearing . . . was posted for ten days under a state law there was no lack of due process of law as regards a nonresident who . . . received no [actual] notice. See *Hiscox's Appeal from Probate,* 29 Conn. 561, 562. Where the requirements of the statutes as to notice are complied with, it might result in serious delay and confusion of rights to permit a Probate Court to open a decree . . . at any time prior to the settlement

of the estate on the motion of a party who did not have actual notice." *Haverin* v. *Welch,* 129 Conn. 309, 315, 27 A.2d 791.

" 'Our legislation has always favored the speedy settlement of estates, and to that end has carefully limited the time within which such appeals [from probate] must be taken.' *Delehanty* v. *Pitkin,* 76 Conn. 412, 419, 56 A. 881, appeal dismissed, 199 U.S. 602, 26 S. Ct. 748, 50 L. Ed. 328." *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565, 192 A.2d 44; *Phinney* v. *Rosgen,* 162 Conn. 36, 39, 291 A.2d 218. To adopt the view urged by the plaintiffs would make it possible to forestall execution of any Probate Court decree for the period of twelve months after its entry because of the possibility that some nonresident interested in the estate did not receive actual notice.

It is unfortunate that the defendant, as administrator, through inadvertence or lack of information did not advise the Probate Court, at the outset of the probate proceedings, of the existence of the three plaintiffs as next-of-kin of the decedent. If indeed any negligence or dereliction of duty on the part of any individual is involved, it is to that person that the plaintiffs must look for redress. This court should not be asked to read into the statutes words which are not there so as to entitle the plaintiffs to the benefits of § 45-291 by providing a twelve-month period for the taking of an appeal to persons in their category who have not received "actual" notice of probate proceedings.

There is no error.

In this opinion the other judges concurred.