JOSEPH BOCCUZZI *v.* MARY CHOQUETTE ET AL.
(13104)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and COVELLO, Js.

Argued October 8—decision released December 1, 1987

*Walter L. Burrows, Jr.,* and *Claudine Siegel,* for the appellant (plaintiff).

*Richard J. Pacini,* for the appellees (defendants).

PER CURIAM. On February 5, 1986, the plaintiff, Joseph Boccuzzi, commenced this action against the named defendant, Mary Choquette, in the Superior Court for the Stamford-Norwalk judicial district, seeking orders of custody, visitation and support concerning her child born out of wedlock whom he claimed to be his son. On March 10, 1986, the court admitted as a party defendant Joseph H. Choquette, the named defendant's husband, who had obtained a decree dated August 27, 1985, in which the Stamford Probate Court approved the stepparent adoption of the child by Mr. Choquette.

The defendants thereafter moved to dismiss the Superior Court action for lack of jurisdiction. The court granted the motion to dismiss for the reason that the plaintiff had already filed a related action to determine his paternity in the Stamford Probate Court. The plaintiff appealed.

During the pendency of this appeal, the Stamford Probate Court has determined that the plaintiff is, in fact, the father of the child in question.[1] This finding has not been appealed. The parties have now agreed that the order of dismissal may be vacated and the matter remanded for a determination of the custody and visitation issues by the Superior Court. The parties are further agreed that the Superior Court should simultaneously consider and review the plaintiff's additional claim that the earlier adoption proceedings should be vacated in view of the alleged absence of notice to him. See *Phinney* v. *Rosgen,* 162 Conn. 36, 42, 291 A.2d 218 (1971), quoting *Haverin* v. *Welch,* 129 Conn. 309, 316, 27 A.2d 791 (1942) (" 'Superior Court . . . may, in proper cases, grant relief against decrees of the Probate Court procured by fraud, accident, mistake and the like' ").

The order of dismissal is vacated and the matter is remanded to the trial court for further proceedings in accordance with this opinion.

---

[1] In a proceeding to establish paternity brought by the plaintiff under General Statutes § 46b-172a, the court, relying on the results of blood tests performed on the mother, the child and the plaintiff, declared the plaintiff to be the father of the child as articulated in an order dated September 3, 1987.