[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this appeal from a decision of defendant that plaintiff is an "agency", or "public agency" under the definition provided in C.G.S. 1-18a(a) and thus CT Page 20 subject to the requirements of C.G.S. 1-21.
FACTS
Both parties seem to feel that the relevant facts are not in dispute and thus the court finds as follows:
The Eighth Utilities District (the District) is a body corporate and politic within the Town of Manchester, Connecticut. It provides sanitary sewer and fire services within its jurisdictional boundary. The affairs of the District are controlled by a seven-person board consisting of a president and six directors. The board is a public agency as defined in C.G.S. 1-18a(a).
The District holds its annual meeting of electors on the fourth Wednesday of May. The District's By-Laws deal with the conduct of that annual meeting at which officers and directors are elected; a District budget is approved and a mill rate for taxation is adopted.
As a result of comments made by some electors after the 1988 annual meeting, the board appointed a four-person committee (the Committee) to study the annual meeting procedures with an eye to speeding up the conduct of the annual meeting and obtaining greater participation by District electors. The Committee consisted of four people, three of whom were electors holding no District office or position and one of whom served as a District director. The Committee was asked to file a report with the board. The Committee had no authority to change the annual meeting procedures nor to adopt any By-Law changes.
The District operates almost entirely by the use of the volunteered service of its residents. The District had no staff or employees to whom it could delegate this study.
The Committee met on several occasions; held a public hearing and ultimately filed a report with the board. The Committee did not keep minutes of its meetings or otherwise follow the meeting requirements of the Freedom of Information Act. The board considered the report and directed the District counsel to prepare certain amendments to the By-Laws which were put before the District electors at the 1989 annual meeting.
Perry Dodson (Dodson), a District elector, filed a request with the District clerk seeking minutes of the meetings of the Committee. One member of the Committee had kept notes of the Committee meeting which were summarized and provided to Dodson. CT Page 21 LAW
The question both parties pose is whether this particular committee is one which is subject to the record-keeping requirements of the Freedom of Information Act. C.G.S. 21. In order to answer that question we must first determine if the Committee is a committee as defined in C.G.S. a(a).
That statute provides:
 "Public agency" or "agency" means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, commission, authority or official of the state or of any city, town, borough, municipal corporation, school district, regional district or other district or other political subdivision of the state, including any committee of any such office, subdivision, agency, department, institution, bureau, board, commission, authority or official, and also includes any judicial office, official or body or committee thereof but only in respect to its or their administrative functions.
If language of a statute is clear and unambiguous, courts cannot by construction, read into it provisions which are not clearly stated. Johnson v. Manson, 196 Conn. 309, 314
(1985); Robinson v. Guman, 163 Conn. 439, 444 (1972).
"Where . . . the language of a statute is not absolutely clear, its meaning can often be determined by referring to the legislative history of its enactment." Anderson v. Ludgin,175 Conn. 545, 554 (emphasis in original). Although as legislative history the legislative record is not too helpful[1]
the court has examined it. Before the legislature amended the statute in 1983 it held public hearings. At the hearing held February 14, 1983 on Committee Bill 788 which became P.A. 83-372, Mitchell Pearlman, Executive Director and General Counsel of defendant, speaking on defendant's behalf said, "Well, first of all, let me say that the problem that we're facing and trying to address in the bill is for standing committees." 1983 Minutes Joint Standing Committee Hearing Government Administration Elections Part I, page 181.[2]. A standing committee is one "[e]stablished by law, custom or the like; settled; permanent." Webster's New International Dictionary, Second Edition. This court accords "great deference to the construction given the statute by the agency charged with its enforcement." Corey v. Arco-Lycoming Division,163 Conn. 309, 326 (Loiselle, J. concurring); Local 1186 v. CT Page 22 Board of Education, 182 Conn. 93, 105.
The plaintiff has the burden of proof.
Mr. Pearlman's testimony makes it clear that he interpreted the proposed bill to relate to "sub-units" of the agency, page 180. He believed that the bill affected subcommittees made of members of the agency, page 179. He believed that the bill was to empower the FOIC in regard to smaller sub-units of agency members, page 179.
The plaintiff has sustained its burden of proof. The amendment P.A. 83-372 does not apply to plaintiff.
Appeal sustained.
N. O'NEILL, J.
Footnotes: