[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (Doc. #104)
ISSUE
Should the defendant's motion to strike the plaintiff's amended complaint be granted on the grounds that a statutory probate appeal is the plaintiff's sole remedy, and the plaintiff has failed to comply with the statutory provisions?
FACTS
The plaintiff brings a one count amended complaint dated November 1, 1990 against the defendant John C. Archambault, administrator d.b.n.c.t.a. of the estate of Ruth P. Telford. In the amended complaint, the plaintiff alleges the following facts. Under the terms of the August 19, 1987 will of the decedent, the plaintiff was named as a beneficiary and as executrix. On January 7, 1988, the decedent executed a new will, also naming the plaintiff as executrix but reducing the amount she plaintiff would receive as beneficiary. The decedent died three days after executing the new will. The plaintiff alleges that the decedent lacked testamentary capacity at the time that she executed the second will. The plaintiff further alleges that although she signed a waiver of CT Page 194 notice of hearing for the admission of the second will to probate, her right to contest the admission of the second will was not explained to her. The plaintiff alleges that the second will was admitted to probate on January 19, 1988 "by accident, mistake, or the like." The plaintiff seeks an injunction restraining further administration of the estate and an order declaring the aforesaid probate decree admitting the will to be null and void.
The defendant filed a motion to strike dated November 19, 1990 seeking to strike the complaint for failure to state a claim upon which relief can be granted. The defendant argues that the plaintiff has failed to satisfy the requirements of Connecticut General Statutes Section 45-288
and 45-289, which set forth the procedure and time limitations for appealing a probate court decree to the superior court. The plaintiff argues in response that her complaint is not a statutory probate appeal, but instead is "an appeal to the general equitable power of the superior court."
Memoranda of law in support of and in opposition to the motion to strike have been filed. This matter was argued at the December 3, 1990 short calendar.
DISCUSSION
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). If facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail. See Ferryman v. Groton, 212 Conn. 138,142 (1989).
The Connecticut Supreme Court has long recognized that the superior court's general equitable powers may be invoked to obtain a judgment that a decree of a probate court admitting a will to probate is null and void. See Folwell v. Howell, 117 Conn. 565, 572 (1933); see also Dunham v. Dunham,204 Conn. 303, 328 (1987). In fact, if a party fails to bring a timely statutory appeal of a probate decree admitting a will to probate, her only recourse "would be `by an appeal to the general equitable power of the Superior Court, which may, in proper cases, grant relief against decrees of the Probate Court procured by fraud, accident, mistake and the like.'" Phinney v. Rosgen, 162 Conn. 36, 42 (1971), quoting Haverin v. Welch, 129 Conn. 309, 316 (1942) (citations omitted).
In the plaintiff's amended complaint, she alleges that the decedent's January 7, 1988 will was admitted to probate by "accident, mistake, or the like." The plaintiff's CT Page 195 amended complaint states a legally sufficient common law equitable action, and the defendant's motion to strike is denied.
Austin, J.